IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WLADOWSKI,<br>  Personal Representative of the<br>  Estate of Glenna Wladowski, | * | |
| | * | |
| Plaintiff, | * | |
| | | Civil Case No. RDB 06-506 |
| v. | * | |
| KAYDON RING & SEAL, INC., | * | |
| and | * | |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff John Wladowski ("Plaintiff") has filed a Complaint in this action against

Defendants Kaydon Ring & Seal, Inc. ("Kaydon") and The Prudential Insurance Company of

America ("Prudential") (together "Defendants").  The Complaint asserts violations of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* in

Count I and a state law tort claim of negligent misrepresentation in Count II.  Currently pending

before this Court are Defendants' Motions to Dismiss Count II of Plaintiff's Complaint pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motions to Strike Plaintiff's Jury

Demand (Papers No. 11 & 18).  Because the two Defendants' motions are substantially the same,

this Court will address them together in the following opinion.  For the reasons stated below,

Defendants' motions are GRANTED.

BACKGROUND

The facts are viewed in a light most favorable to the Plaintiff.  Plaintiff John Wladowski

was married to Glenna Wladowski, now deceased.  Both Plaintiff and his wife were Kaydon

employees.  Kaydon offers its employees various employment benefit plans, including a group

life insurance plan administered by Defendant Prudential.  Due to a medical condition, Plaintiff's

wife decided to retire from Kaydon in 2002.  Kaydon's personnel department scheduled an exit

interview with Mrs. Wladowski during September 2002, but she was too ill to attend.  Mrs.

Wladowski's last day of employment was September 30, 2002.  In October 2002, Kaydon

offered to send a representative to the Wladowski's home to conduct the exit interview, but the

company postponed and eventually canceled that meeting.  Subsequently, Kaydon personnel met

with Plaintiff and gave him forms for Mrs. Wladowski to sign so she could get her retirement

benefits.  Mrs. Wladowski signed the forms on November 25, 2002.  Mrs. Wladowski passed

away on March 1, 2003.

Prior to retirement, Mrs. Wladowski's benefits included life insurance, with the face

amount equal to the employee's current salary, or salary at the time of retirement.  In order for

her to continue receiving life insurance after her retirement, Mrs. Wladowski had to elect

coverage within thirty days of her last day of work.  After his wife's death, Plaintiff inquired

about the life insurance benefits.  Kaydon informed him that he was not entitled to the benefits,

because Mrs. Wladowski had not elected life insurance benefits within thirty days of her last day

of work.  Plaintiff alleges that the forms his wife received from Kaydon did not include the

Notice of Group Life Insurance Conversion Privilege, which would have provided extended life

insurance coverage for her during her retirement.

On February 2, 2006, Plaintiff filed a Complaint against Kaydon and Prudential.  He

2

alleges that after his wife's death, Defendants violated ERISA by breaching their fiduciary duty

and denying him life insurance benefits to which he was entitled as his wife's beneficiary under

an ERISA-governed plan.  Plaintiff also claims that Defendants engaged in negligent

misrepresentation that resulted in Plaintiff's loss of life insurance benefits, consequential

damages, and emotional pain and suffering.  On May 4, 2006, Prudential filed a Motion to

Dismiss Count II of the Complaint and Motion to Strike Demand for Jury Trial (Paper No. 11)

On May 23, 2006, Kaydon filed a Motion to Dismiss Count II of the Complaint and Motion to

Strike Demand for Jury Trial (Paper No. 18).

## STANDARD OF REVIEW

The Defendants seek to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a

complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)

(citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal

Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he

bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a

"short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v.*

*Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified

pleading standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be

granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it

appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling

him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see*

*also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

DISCUSSION

**I.      ERISA Preemption**

Defendants move to dismiss Count II of the Complaint, which purports to state a claim

for negligent misrepresentation under Maryland common law.  They argue that ERISA preempts

Plaintiff's negligent misrepresentation claim.  Plaintiff contends that his tort claim is outside the

scope of ERISA's preemption, because it does not "relate to" an employee benefit plan.

ERISA's broadly-phrased preemption clause states that ERISA's provisions "supersede

any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan."

29 U.S.C. § 1144(a) (2006) (emphasis added).  "[A] state law relates to an ERISA plan 'if it has

a connection with or reference to such a plan.'"  *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001)

(quoting *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 97 (1983)).  "[A]s long as the nexus between

the state law and the employee benefit plan is not too tangential, 'a state law of general

application, with only an indirect effect on a pension plan, may nevertheless be considered to

"relate to" that plan for preemption purposes.'"  *Griggs v. E.I. DuPont de Nemours & Co.*, 237

F.3d 371, 378 (4th Cir. 2001) (quoting *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 9 (2d Cir.

1992)).  In addition, "[w]hen a cause of action under state law is 'premised on' the existence of

an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must

find, that an ERISA plan exists,' ERISA preemption will apply."  *Id.* (quoting *Ingersoll-Rand

Co. v. McClendon*, 498 U.S. 133, 140 (1990)).  Thus, "ERISA preempts state common law

claims of fraudulent or negligent misrepresentation when the false representations concern the

existence or extent of benefits under an employee benefit plan."  *Id.*

This Court has previously discussed the scope of ERISA's preemption of common law

4

claims.  *See Peninsula Reg'l Med. Ctr. v. Mid Atl. Med. Servs., LLC*, 327 F. Supp. 2d 572, 574-

75 (D. Md. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)).  While this Court

has noted the broad interpretation accorded to ERISA preemption, a third party cause of action

for negligent misrepresentation was not preempted by ERISA in *National Centers for Facial*

*Paralysis, Inc. v. Wal-Mart Claims Administration Group Health Plan*, 247 F. Supp. 2d 755 (D.

Md. 2003).  However, in that case, the false statement at issue related to an alleged

representation made by the defendant directly to the third party health care provider and not the

beneficiary of the ERISA plan.  *Id*. at 760.

In this case, the ERISA-governed life insurance plan is at the core of both of Plaintiff's

claims. In Count I, which specifically references ERISA, Plaintiff alleges that Defendants acted

negligently and breached their fiduciary duty, which "interfered with Plaintiff's expectancy and

right to survivor benefits, and denied Plaintiff benefits he would have otherwise obtained."

(Compl. ¶ 30.)  In Count II, Plaintiff incorporates the allegations contained in Count I and further

alleges that Defendants' negligently misrepresented that the forms given to Plaintiff for his wife

to sign were "complete" which caused him to suffer lost life insurance benefits.  (*Id.* ¶ 35.)

Clearly, Defendants' alleged false representations have "a connection with or reference to" the

existence or extent of benefits under an employee benefit plan.  *See Griggs*, 237 F.3d at 379

(finding that ERISA preempted a state law claim of negligent misrepresentation alleging that the

employer failed to provide plaintiff with information about a pension plan's eligibility

limitations, because the negligent misrepresentation claim had a sufficient connection with or

reference to the employee benefit plan).  Thus, this Court concludes that Plaintiff's negligent

misrepresentation claim is "premised on" an employee benefit plan, and that for Plaintiff to

prevail, this Court must find that an ERISA plan exists.  *See id.* at 378.  Consequently, ERISA

preempts Plaintiff's negligent representation claim against Defendants and Defendants' Motions

to Dismiss Count II of the Complaint are GRANTED.

**II      Jury Demand**

Next, Defendants move to strike Plaintiff's request for a jury trial, contending that jury

trials are not available under ERISA.  Plaintiff replies that there is an implied statutory right to a

jury trial under ERISA.

ERISA does not expressly provide for a right to a jury trial.  The United States Court of

Appeals for the Fourth Circuit made it clear in *Berry v. Ciba-Geigy* that jury trials are not

generally permitted in ERISA actions.  761 F.2d 1003, 1007 (4th Cir. 1985); *see also Phelps v.

C.T. Enters.*, 394 F.3d 213, 222 (4th Cir. 2005); *Biggers v. Wittek Industries, Inc.,* 4 F.3d 291,

298 (4th Cir. 1993) (reversing a jury award for breach of contract because ERISA preempted the

common law contract claim, thus the claim should have been tried by the court under the

principles of ERISA, rather than before the jury).  The Fourth Circuit interpreted Congress'

silence on the right to a jury as indicating that ERISA actions were, in essence, proceedings

under the common law of trusts, where no jury obtained.  *Berry,* 761 F.2d at 1007.

As this Court has concluded that ERISA preempts Plaintiff's state law claim of negligent

misrepresentation, the only remaining claim is Count I of the Complaint—Plaintiff's ERISA

claim.  Thus, pursuant to Fourth Circuit precedent, this Court concludes that Plaintiff is not

entitled to a jury trial.  Consequently, Defendants' Motion to Strike Plaintiff's Jury Demand is

GRANTED.

CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss Count II of

Plaintiff's Complaint and Strike Plaintiff's Jury Demand are GRANTED.  A separate Order

follows.

/s/

Richard D. Bennett
United States District Judge

Date:   December 12, 2006